**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Pedro ANAYA-GRANADOS, Defendant-Appellant.**

No. 17-50157

United States Court of Appeals, Ninth Circuit.

Submitted December 5, 2017 [*] Pasadena, California

Filed December 14, 2017

Stacey H. Sullivan, Assistant U.S. Attorney, Helen H. Hong, Assistant U.S. Attorney, Office of the US Attorney, San Diego, CA, Connie V. Wu, Assistant U.S. Attorney, Colin M. McDonald, Assistant U.S. Attorney, US Department of Justice, Southern District of California, for Plaintiff-Appellee

Lynn Howard Ball, Attorney, Law Office of Lynn H. Ball, San Diego, CA, for Defendant-Appellant

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: D.W. NELSON and REINHARDT, Circuit Judges, and STEEH,** District Judge.

## MEMORANDUM ***

Appellant Pedro Anaya-Granados appeals his 18 month sentence for illegal reentry. For the reasons stated below, we **AFFIRM** the district court.

1. The California statute governing driving under the influence of alcohol with three or more prior DUI convictions within the past 10 years is a wobbler. *People v. Martinez*, 62 Cal. App. 4th 1454, 1463, 73 Cal.Rptr.2d 358 (1998). Wobbler offenses may be classified as either a felony or a misdemeanor. *Ewing v. California*, 538 U.S. 11, 16, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003). They are presumptively felonies, however, and remain felonies unless discretion is actually exercised to make the offense a misdemeanor. *Id.* Examples of this discretion are listed in Cal. Penal Code § 17(b). Anaya-Granados argues that his 2008 offense should be a misdemeanor under § 17(b)(1), which states that a wobbler is a misdemeanor for all purposes "[a]fter a judgment imposing a punishment other than imprisonment in the state prison." Unfortunately for Appellant, in California a suspended sentence and probation do not result in entry of a judgment within the meaning of Cal. Penal Code § 17(b)(1). *United States v. Robinson*, 967 F.2d 287, 293 (9th Cir. 1992), *recognized as overruled on other grounds by Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1018-20 (9th Cir. 2006). Anaya-Granados' 2008 offense is, therefore, properly classified as a felony. The district court correctly applied the four level enhancement provided by USSG § 2L1.2(b)(3)(D).

2. A district court's denial of a Fast Track Guideline reduction is not reviewed for procedural reasonableness, but only as part of this Court's review of the substantive reasonableness of the sentence. *United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011). Although the district court did not grant Anaya-Granados a Fast Track Guideline reduction, the 18-month sentence, at the low end of Anaya-Granados' guideline range, is reasonable given his deportation history and prior convictions for illegal reentry and drunk driving.

**AFFIRMED**[1].

---

** The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. Appellee's motion for judicial notice is DE-